UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTOPHER NIELSEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:14-cv-00300-JAW |
| | ) | |
| MAINE UNEMPLOYMENT | ) | |
| INSURANCE COMMISSION, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Christopher Nielsen alleges that Defendant Maine Unemployment Insurance Commission violated his constitutional right to due process in connection with its review and denial of his application for unemployment insurance benefits. More particularly, Plaintiff cites allegedly flawed decisions and actions of various decision-makers during the administrative process as the bases of his constitutional challenge.

The matter is before the Court on Defendant's Motion to Dismiss (Motion, ECF No. 5).[1] After a review of the pleadings, and after consideration of the parties' arguments, as explained below, the recommendation is that the Court grant Defendant's Motion to Dismiss.

**FACTUAL BACKGROUND**

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).[2] On May 30, 2014, after considering Plaintiff's request for unemployment insurance benefits under the Maine Employment Security Law, 26 M.R.S. §§ 1041 *et seq.*, the

---

[1] The Court referred the motions for report and recommended decision.

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate.

deputy commissioner found that Plaintiff was discharged from employment for cause, and denied Plaintiff's claim. Plaintiff appealed. Following a hearing, on July 3, 2012, the Division of Administrative Hearing affirmed the deputy's determination. Plaintiff appealed again. On November 15, 2014, the Unemployment Insurance Commission upheld the denial of Plaintiff's claim. Plaintiff subsequently sought review in the Maine Superior Court. The Superior Court reversed the administrative decision, and directed the Commission to award Plaintiff unemployment insurance benefits. (Complaint at 2; *Nielsen v. Me. Unemployment Ins. Comm'n*, No. AP-12-65 (Me. Sup. Ct., Cum. Cty., July 25, 2013 (*see* ECF No. 5-1).)

In this matter, Plaintiff contends that the deputy commissioner gave undue weight to an unsigned memorandum offered by the employer; that the Division of Administrative Hearing "did not pursue conflicting testimony" and interrupted Plaintiff's counsel; and that the Commission "decided that the employer's witnesses were more credible," which "did not faithfully represent the truth that the two witnesses for the employer directly contradicted each other." (Complaint at 2.) Plaintiff maintains that these acts violated his civil rights, specifically his right to due process of law. He asks for declaratory relief and an award of costs.[3] (Complaint at 3.)

## STANDARD OF REVIEW

Through its motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant challenges this Court's subject matter jurisdiction. Alternatively, Defendant argues that because Plaintiff has failed to state a claim for which relief may be granted, dismissal is appropriate under Rule 12(b)(6).

---

[3] In response to Defendant's Motion, Plaintiff reiterates that he seeks injunctive relief. He further elaborates that he is alleging a denial of "substantive due process" based on allegations of "deliberate indifference" at each level of review. (Plaintiff's Response at 1-4, ECF No. 6.)

"A motion to dismiss an action under Rule 12(b)(1) ... raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.,* 399 F.3d 1, 8 n. 6 (1st Cir. 2005) (citation omitted). "In ruling on a motion to dismiss for lack of subject matter jurisdiction ... the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). "In addition, the court may consider whatever evidence has been submitted...." *Id.*

Similarly, pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim(s) at issue. *Id.* In its review, the Court may consider documents of undisputed authenticity, public records, documents central to Plaintiff's claim, and documents sufficiently referred to in the complaint. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Although the Court's freedom to review materials outside of the complaint is more restricted in the context of a motion to dismiss for failure to state a claim, in this case, the documents that are extrinsic to the complaint are public records and may be considered equally under Rule 12(b)(1) and Rule 12(b)(6).

## DISCUSSION

Defendant argues that Plaintiff's complaint "may not be brought against a state agency." (Motion at 1.) Principally, Defendant asserts that it is not a "person" for purposes of 42 U.S.C. § 1983. (*Id.* at 3-4.) Although Plaintiff does not cite the federal civil rights statute, 42 U.S.C. § 1983, because Plaintiff seeks a remedy for an alleged violation of his constitutional rights pursuant to state action, Plaintiff's claim is necessarily a section 1983 claim.[4] Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

As the plain language of the statute reflects, section 1983 authorizes a cause of action only against *persons* who act under color of state law. Although the Maine Unemployment Insurance Commission acts under color of state law, as an agency of the State of Maine, it is not a person within the meaning of section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Wang v. New Hampshire Bd. of Registration in Med.*, 55 F.3d 698, 700 (1st Cir. 1995). Plaintiff, therefore, has no available remedy, either for damages or injunctive relief, against Defendant under section 1983. *Will*, 491 U.S. at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

Assuming, *arguendo*, that Plaintiff had intended to assert, or would seek to amend his complaint to assert, a claim for injunctive relief against a person, *i.e.*, the individual deputy, hearing

---

[4] Because Plaintiff is a *pro se* litigant, his complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

officer, or a member of the Commission, such a claim could constitute to a claim against an individual in the individual's "official capacity," over which claim this Court might have jurisdiction. *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985) ("[O]fficial-capacity actions for prospective relief are not treated as actions against the State.") (citing *Ex parte Young,* 209 U.S. 123, 159-60 (1908)). To determine whether this Court has jurisdiction to rule on such a claim, the Court must assess "whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002). Here, insofar as the Superior Court reversed the final administrative decision and directed the Commission to award benefits to Plaintiff, Plaintiff clearly does not suffer from an ongoing deprivation as the result of the administrative proceeding. In other words, even if the administrative proceedings violated federal law, which is not apparent from the complaint,[5] Plaintiff's claim for injunctive relief does not present a live "case or controversy." *O'Shea v. Littleton,* 414 U.S. 488, 495 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). Accordingly, even if Plaintiff's complaint could be construed to assert, or if Plaintiff amended his complaint to assert, a claim against certain individuals in their official capacities, Plaintiff's complaint would not present a claim for which the Court could grant relief.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Defendant's Motion to Dismiss (ECF No. 5).

---

[5] It is not a violation of the Constitution for an administrative agency to err in its findings of fact or conclusions of law. Routine error does not amount to a denial of due process; it simply presents an issue for appellate review. *See, e.g., Sotirion v. United States,* 617 F.3d 27, 39 (1st Cir. 2010).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 29th day of October, 2014